# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID M. LONG,<br><br>Defendant. | Criminal No. 10-171-1 (JDB) |

## MEMORANDUM OPINION & ORDER

David Long is serving a term of imprisonment for conspiracy to participate in a Racketeer Influenced Corrupt Organization ("RICO conspiracy") in violation of 18 U.S.C. § 1962(d). Long was a leader of a criminal organization whose racketeering activities included murder, assault, and narcotics distribution. The U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") recommended that Long be sentenced to a life term of imprisonment, but Long pleaded guilty pursuant to a "C" plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The Court accepted the plea agreement's binding sentencing recommendation of 348 months' imprisonment. Long now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that he is entitled to such relief under Amendment 782 to the United States Sentencing Guidelines because that amendment reduced the base offense level of one category of underlying racketeering activity that contributed to his final guidelines range. Mot. for Modification or Reduction of Sentence [ECF No. 312] at 1–4. For the reasons that follow, Long's motion will be denied.

Section 3582(c)(2) authorizes a court to reduce a defendant's term of imprisonment where the term originally imposed was "based on a sentencing range that has subsequently been lowered

by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, "[a] reduction in the defendant's term of imprisonment is <u>not</u> consistent with [an applicable] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment invoked by the defendant] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2) (U.S. Sentencing Comm'n 2018) (emphasis added). Section 3582(c)(2) empowers a court to act "upon motion of the defendant . . . or on its own motion."[1]

The U.S. Sentencing Commission issued Amendment 782 to the Guidelines in 2014 to reduce by two levels the offense level assigned to certain drug crimes. See U.S.S.G., Suppl. to App'x C, amend. 782 (effective Nov. 1, 2014). The Sentencing Commission authorized courts to apply this sentencing reduction retroactively pursuant to 18 U.S.C. § 3582(c)(2). See U.S.S.G. §1B1.10(a), (d).

Long believes he is eligible for a retroactive sentence reduction under Amendment 782 because the calculation of his advisory guidelines range for his RICO conspiracy offense rested, in small part, on acts of drug distribution accomplished by the criminal organization, and that Amendment 782 retroactively lowered the base offense level for this type of drug distribution offense. Mot. for Modification or Reduction of Sentence at 2–3. But Long is not entitled to a sentence reduction because application of Amendment 782 does not lower his advisory guideline range. The Guidelines would recommend the same sentence—life imprisonment—regardless of

---

[1] In his plea agreement, Long waived his "right to appeal his sentence or the manner in which it was determined," except in the event that the Court imposed a sentence above the statutory maximum or departed upward from the applicable Sentencing Guideline range. Long Plea Agreement [ECF No. 156] ¶ 8. This waiver may extend to the right to move for a § 3582(c)(2) sentence reduction, but the Court need not decide this issue because to the extent that such a right is waived, the Court invokes its authority to act "on its own motion" under 18 U.S.C. § 3582(c)(2). See <u>United States v. Malone</u>, 503 Fed. App'x 499, 499–500 (9th Cir. 2012) (reversing district court's grant of a § 3582 sentence reduction where defendant had waived the right to do so in his plea agreement and noting that reversal of district court was proper because district court had not explicitly relied "on its <u>sua sponte</u> authority" to act).

whether the offense level of the drug distribution offense were decreased under Amendment 782. In fact, because more serious categories of racketeering conduct drove the applicable guideline range, the same sentencing recommendation would apply even if the drug distribution offenses had been omitted entirely from the Court's guidelines calculation.

An explanation of why Amendment 782 does not change Long's guideline range first requires examination of the labyrinthine process by which the Court determined the sentencing range in the first place. Long was sentenced under the 2011 Guidelines Manual, which advised that the base offense level for his RICO conspiracy offense was the greater of "19" or "the offense level applicable to the underlying racketeering activity." U.S.S.G. §2E1.1 (U.S. Sentencing Comm'n 2011). Where a defendant has participated in multiple underlying racketeering activities, the Guidelines Manual directs that a combined offense total for the RICO conspiracy offense be calculated by grouping all underlying counts "involving substantially the same harm," id. §3D1.2, calculating an offense level for each group, id. §3D1.3, and then taking the offense level of the most serious offense group (meaning the one having the highest offense level) and increasing that level to account for the number and severity of additional offense groups attributed to the defendant, id. §3D1.4. Of relevance here, a one-level increase is applied for each additional offense group that is "equally serious or from 1 to 4 levels less serious" than the most serious offense group. Id. In practice this means that the most serious underlying racketeering activity drives the guideline range analysis by setting the baseline for the final offense level, and the offense level then increases according to the number and severity of additional offense groups.

In Long's case, the total offense level for RICO conspiracy was calculated based on five offense "groups" of racketeering activity. These five offense groups and their corresponding adjusted offense levels, in order of severity, were as follows:

| Offense Group | Adjusted Offense Level |
|---|---|
| Murder of Antony Morrissey | 45 |
| Murder of Franklin Moyler | 45 |
| Distribution of at least 15 kilograms of heroin | 44 |
| Assault with intent to commit murder of Melvin Terrell | 43 |
| Assault with intent to commit murder of Oakley Michael Majors | 41 |

Long Sentencing Tr. [ECF No. 311] at 5:15–7:23. The two murder offense groups carried the highest adjusted offense levels—45—and thus set the baseline for Long's final offense level. The heroin-distribution offense group ultimately contributed a one-level increase because it carried an adjusted offense level of 44 and was therefore "equally serious or from 1 to 4 levels less serious" than the murder offense groups. U.S.S.G. §3D1.4; see Long Sentencing Tr. at 5:9–8:6. After accounting for various increases and decreases, Long's overall raw offense level calculation for RICO conspiracy came out to 47. But the Guidelines sentencing table stops at offense level 43, and the Guidelines accordingly direct that any offense level of more than 43 be treated as an offense level of 43. See U.S.S.G. ch. 5, pt. A, application note 2. Hence, Long's final offense level under the Guidelines was treated as 43.

With a criminal history category of V and an offense level of 43, the Guidelines recommended a term of life imprisonment. After considering this advisory guideline sentence, the Court accepted Long's plea agreement and sentenced him to 348 months' imprisonment.[2]

---

[2] The fact that a sentence was imposed pursuant to a court's acceptance of a "C" plea agreement does not bar relief under 18 U.S.C. § 3582(c)(2) so long as the sentence was "based on" the defendant's Guidelines range—that is, "absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." Hughes v. United States, 138 S. Ct. 1765, 1776 (2018). Here, the Court does not find that the record clearly demonstrates that the Court would have imposed the 348-month sentence regardless of the sentence recommended by the Guidelines, and hence the fact that Long entered into a "C" plea agreement does not in itself bar relief.

Retroactive application of Amendment 782 would not impact Long's guideline range. If Amendment 782 were applied to the heroin-distribution offense group, the result would be an adjusted offense level of 42 instead of 44. Nevertheless, the heroin-distribution offense group would have still been "from 1 to 4 levels less serious" than the 45-level murder offense group and thus would contribute the same one-level increase to the overall offense level. And even if the heroin-distribution offense group had been <u>entirely omitted</u> from the Guidelines calculation, Long's offense level would still come out to a total higher than the maximum guidelines offense level of 43 and thus would be treated as if it were 43. Accordingly, Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range," and a sentence reduction in this case is therefore "not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. §1B1.10(a)(2)(B).

Accordingly, upon consideration of Long's motion, and the entire record herein, it is hereby

**ORDERED** that [312] Long's motion for a reduction of sentence is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>June 10, 2019</u>